UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY J.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-1006-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income.[1] Plaintiff contends the administrative law judge ("ALJ") erroneously evaluated the opinions of Aileen Loranger, Ph.D., and Karen Sheridan, LMHC, and crafted a residual functional capacity ("RFC") determination that is deficient. (Dkt. # 23.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Plaintiff also filed an application for Disability Insurance Benefits. Plaintiff amended her alleged onset date that was after her date last insured at her ALJ hearing, and the ALJ therefore dismissed her application. AR at 1164.

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1987 and has a limited education. AR at 1163. Plaintiff applied for benefits on June 19, 2013. *Id.* at 1148. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in August 2014, taking testimony from Plaintiff, Plaintiff's therapist, and a vocational expert. *See id.* at 46-118. In November 2015, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-45. Plaintiff appealed the decision to this Court, which reversed the ALJ's decision and remanded for reevaluation of certain medical opinions, including the opinions of the medical sources addressed herein. *Id.* at 1245-1260. On remand, Plaintiff amended her alleged onset date to June 19, 2013, *id.* at 1148, and the ALJ held a hearing in April 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 1184-1216. In July 2019, the ALJ issued a decision finding Plaintiff not disabled from June 19, 2013, through the date of the decision. *See id.* at 1148-1164. In relevant part, the ALJ found Plaintiff's severe asthma, spine disorder, affective disorders, anxiety disorder, PTSD, attention deficit hyperactivity disorder, and personality disorder limited her to medium work subject to a series of further limitations. *Id.* at 1151, 1154. Based on vocational expert testimony, the ALJ found Plaintiff could perform medium and light jobs that exist in significant numbers in the national economy. *Id.* at 1163-64. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

ORDER - 2

1 | ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

2 | (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

3 | alters the outcome of the case." *Id*.

4 |     "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

5 | relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

6 | *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

7 | Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

8 | testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

9 | 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

10 | neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

11 | *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

12 | rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

13 |             **IV.    DISCUSSION**

14 | **A. The ALJ Erred in Evaluating the Medical Evidence**

15 |     A treating doctor's opinion is generally entitled to greater weight than an examining

16 | doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-

17 | examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ

18 | may only reject the contradicted opinion of a treating or examining doctor by giving "specific

19 | and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Less weight may

20 | be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

21 | However, the ALJ's decision should reflect consideration of such opinions, *see* SSR 06-3p, and

22 | the ALJ may discount the evidence by providing reasons germane to each source. *Molina v.*

23 |

ORDER - 3

*Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff argues the ALJ misevaluated two medical opinions.

        1.      *The ALJ Erred by Discounting the Opinion of Treating Therapist Aileen Loranger, LMHC, Ph.D.*

Dr. Loranger "provided several statements in the record, and also testified in the August 2014 hearing." AR at 1161. On March 28, 2014, Dr. Loranger opined it is "very difficult to get this woman out of her home. This therapist makes house calls. She needs help getting to her monthly medication appointments. She is still *very* anxious with strangers and being in our facility for medication." *Id*. at 958. On July 2, 2014, Dr. Loranger opined Plaintiff's mental impairments "have very marked restrictions on [Plaintiff's] activities of daily living as well as impinging on her social life (her former friends are dwindling because she can't overcome her anxieties and fears of leaving home). She is extremely socially isolated due to her persistent agoraphobia with panic (despite medications and coping skills). [Plaintiff] wants to participate in life and attempts to, but is consistently overcome by terror and fear." *Id*. at 974. She further assessed "[Plaintiff's] emotional distress becomes so overwhelming (even with medication), this therapist cannot foresee [Plaintiff] being reliably and consistently able to sustain employment that requires her to stay focused, on task and dedicated to the job outside her home for longer than two-three hours *a week* at this point." *Id*. at 975. Finally, at the August 2014 hearing, Dr. Loranger testified Plaintiff could not "on a reliabl[y] and consistent basis now, without direct intervention on an hourly basis … go out of the home and stay on task for even the simplest of jobs, six hours out of an eight-hour day." *Id.* at 60.

The ALJ first discounted Dr. Loranger's opinion as inconsistent with Plaintiff's "ability to attend medical [appointments] [*sic*] on a regular basis and her unremarkable presentation during the visits." AR at 1162. This is not a valid ground upon which to discount Dr. Loranger's

opinion. The record is not inconsistent with Dr. Loranger's assessment that, to the extent Plaintiff has been able to perform certain activities – including attending medical visits – she does so "[w]ith considerable dread." *Id.* at 974. Further, Plaintiff's "unremarkable presentation" is not inconsistent with Dr. Loranger's opinion concerning Plaintiff's psycho-social impairments: normal speech, concentration, and memory are neither mutually exclusive with nor contradictory of Plaintiff's paranoia and fears. Rather, that Plaintiff presented normally to doctors whom she knows is particularly consistent with Dr. Loranger's assessment that Plaintiff's psychological symptoms are often triggered by strangers and unfamiliar situations. *See, e.g.*, *id.* at 958 ("[s]he is still *very* anxious with strangers"); *id.* at 974 ("[Plaintiff] expresses a persistent, irrational fear of danger lurking unpredictably outside her front door").

Next, the ALJ discounted Dr. Loranger's opinion as inconsistent with Plaintiff's activities. AR at 1162. In specific, the ALJ pointed to Plaintiff "taking her daughter to a pumpkin patch via public bus and going on a field trip to the zoo with her daughter," "walk[ing] her daughter to school," "volunteer[ing] at her daughter's school" one day, and going "to a meeting at school." *Id*. As a preliminary matter, the Ninth Circuit has held "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), and, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence." *Garrison*, 759 F.3d at 1017; *see id.* ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms.").

Here, the ALJ erred by mischaracterizing the record, giving the impression Plaintiff functions at a higher level. For example, treatment notes from October 5, 2015 indicate Plaintiff walked her daughter to school. *Id.* at 2080. Plaintiff was driven to do so, however, because of her

ORDER - 5

pathology: Plaintiff was "worried" about her daughter taking the bus, telling her therapist, "Kids are big, hanging out of windows, fighting[,] why is she in the middle of the bus? She should be in the front of the bus!" *Id.* Less than a month later, Plaintiff reported being "unable to walk" her daughter to school because her "anxiety has been too bad." *Id.* at 2069. Plaintiff was "worrie[d]" about her daughter taking the bus, and accordingly was considering "pulling her out of school." *Id*. Plaintiff also "[p]ut new locks on the doors" at this time. *Id.* The same note indicates Plaintiff's depression was "[p]retty high" and "[p]retty hard," and Plaintiff "sometimes feels suicidal but doesn't think she'd do it." *Id*. The ALJ accordingly erred by mischaracterizing the record. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (an ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms"); *Reddick*, 157 F.3d at 722–23 (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

### 2. *The ALJ Erred in Assessing the Opinion of Treating Therapist Karen Sheridan, LMHC.*

The ALJ found Ms. Sheridan "provided an assessment that essentially reflects the same limitations indicated by Dr. Loranger" and, accordingly, discounted her opinion on the same grounds as she discounted Dr. Loranger's. AR at 1162. Because the ALJ erred in discounting Dr. Loranger's opinion, she necessarily erred in discounting Ms. Sheridan's opinion as consistent with Dr. Loranger's opinion.

## V. CONCLUSION

Because the ALJ misevaluated the medical evidence, the ALJ will necessarily need to determine whether the RFC needs to be adjusted. For this reason, the Court need not address

ORDER - 6

Plaintiff's assignment of error regarding the RFC. For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Loranger and Ms. Sheridan, develop the record and redetermine Plaintiff's RFC as necessary, and proceed to the remaining steps as appropriate.

Dated this 26th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge